IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **KENNETH WARREN,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 9:08cv-173** |
| | § | **Judge: HEARTFIELD** |
| **INSTA-CASH ASSETS MANAGEMENT,** | § | |
| **LP and INSTA-CASH MANAGEMENT,** | § | |
| **LLC** | | |
| **Defendants** | | |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, **INSTA-CASH ASSETS MANAGEMENT, LP (ICAM)**

and files this its Original Answer in response to Plaintiff's Original Complaint and in support

thereof would respectfully show the Court as follows:

### I.
### ANSWER TO COMPLAINT

1.   Defendant, **ICAM**, admits paragraph one of Plaintiff's Original Complaint.

2.   Defendant, **ICAM**, admits paragraph two of Plaintiff's Original Complaint.

3.   Defendant, **ICAM**, admits paragraph three of Plaintiff's Original Complaint.

4.   Defendant, **ICAM**, would show that the first sentence of paragraph 4 of Plaintiff's

Original Complaint is a jurisdictional statement and Defendant does not deny this

court has jurisdiction over the Plaintiff's Complaint.   Defendant, **ICAM**, admits

that Plaintiff was employed as a manager with **ICAM**.   Defendant, **ICAM**, denies

that Plaintiff was an employee of Defendant, **INSTA-CASH MANAGEMENT, LLC.**

5.     Defendant, **ICAM**, would show that paragraph 5 of Plaintiff's Original Complaint is a jurisdictional statement and Defendant does not deny this court has jurisdiction over the Plaintiff's Complaint.

6.     Defendant, **ICAM**, would show that paragraph 6 of Plaintiff's Original Complaint is a jurisdictional statement and Defendant does not deny this court has jurisdiction over the Plaintiff's Complaint.

7.     Defendant, **ICAM**, admits the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

8.     Defendant, **ICAM**, admits the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9.     Defendant, **ICAM**, admits that the Plaintiff was discharged.  Defendant denies the remaining allegations contained in paragraph 9 of Plaintiff's Original Complaint.

10.    Defendant, **ICAM**, admits that the Plaintiff was discharged.  Defendant denies the remaining allegations contained in paragraph 10 of Plaintiff's Original Complaint.

11.    Defendant, **ICAM**, denies the allegations contained in Paragraph 11 of Plaintiff's Original Complaint.

12.    Defendant, **ICAM**, would show that paragraph 12 of Plaintiff's Original Complaint is a procedural statement and does not require a response.

13.    Defendant, **ICAM**, denies the allegations contained in paragraph 13 and denies the Plaintiff is entitled to the relief sought in paragraph 13 of Plaintiff's Original Complaint.

## II.

### GENERAL DENIAL

14.   Defendant, **ICAM**, denies generally, each and every, all and singular, the allegations of Plaintiff's Original Complaint, except wherein expressly admitted, and demands strict proof thereof by the appropriate standard of proof.

## III.

### AFFIRMATIVE DEFENSES

15.   Defendant, **ICAM**, would show that Plaintiff failed to assert a claim under which relief can be granted. Specifically, the Plaintiff has failed to affirmatively plead that he was qualified for the position held at the time of his discharge.

16.   Defendant, **ICAM**, would show that Plaintiff failed to mitigate his damages, if any.

17.   Defendant, **ICAM**, would show that Plaintiff is an employee at will and that the employment action, if any, regarding the Plaintiff was based on a legitimate, non-discriminatory reason.

18.   Defendant, **ICAM**, would show that age was not a motivating factor in any employment decision.

19.   Defendant, **ICAM**, would show that the same actor inference applies to Plaintiff's complaint of discrimination as David Cravey was involved in both hiring and firing the Plaintiff.

20.   Defendant, **ICAM**, would show that the Plaintiff was not treated differently than any other employee of Defendant.

21.   Defendant, **ICAM**, would show that it acted in good faith in the employment

decision regarding Plaintiff.

22.     Defendant, **ICAM**, would show that it attempted in good faith to comply with the applicable anti-discrimination statute allegedly violated.

23.     Defendant, **ICAM,** would show that the Plaintiff cannot rely on "a pattern and practice" theory of recovery since same was not presented to the Equal Employment Opportunity Commission in his charge of discrimination and was not addressed in the administrative review process.

24.     Defendant, **ICAM**, would show that to the extent the Plaintiff seeks redress for factual allegations or causes of action that occurred more than 300 days prior to the filing of her charge of discrimination such allegations and causes of action are barred by limitations.

WHEREFORE, PREMISES CONSIDERED, Defendant, **INSTA-CASH ASSETS MANAGEMENT, LP**, prays that upon final trial and hearing hereof that Plaintiff, **KENNETH WARREN**, take nothing by reason of his suit and that Defendant requests any further relief to which it has shown it justly entitled to.

Respectfully submitted,

WARREN T. MCCOLLUM
SBN:  24013127
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN:  (936) 634-3346
FXN:  (936) 639-5874
ATTORNEYS FOR DEFENDANT
**INSTA-CASH ASSETS MANAGEMENT, LP
AND INSTA-CASH MANAGEMENT, LLC,**

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 2S day of September, 2008, served a true and correct copy of the foregoing Defendant's Original Answer to:

| | |
|---|---|
| Mr. Scott Skelton | ☐ By certified mail |
| Attorney at Law | ☐ By regular mail |
| P.O. Box 1728 | ☐ By overnight mail |
| Lufkin, Texas 75902 | ☒ By ECM |
| FAX: (936) 632-6545 | ☐ By Facsimile |

_____
WARREN T. MCCOLLUM