

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

## ORDER SETTING CIVIL ACTIONS FOR RULE 16
## MANAGEMENT CONFERENCE

The civil actions identified on the attached page are **SET** for management conference on <u>Friday, February 27, 2009</u> at 10:00 a.m.  Counsel and unrepresented parties are **ORDERED** to report to the presiding judge's <u>chambers</u> in the United States Courthouse in <u>Beaumont, Texas</u> or make arrangements with the case manager (409.654.2860) to appear by telephone prior.  Continuance of the management conference will not be allowed absent a showing of good cause.

Before the case management conference, counsel should review the FEDERAL RULES OF CIVIL PROCEDURE (as amended December 1, 2007) and the LOCAL COURT RULES FOR THE EASTERN DISTRICT OF TEXAS (as amended January 24, 2008).  The LOCAL COURT RULES are available on the Eastern District of Texas website (http://www.txed.uscourts.gov).

Counsel should pay particular attention to FED. R. CIV. P. 26(f), which requires parties to confer not less than 21 days prior to the management conference.  The Rule 26(f) attorney conference may be conducted over the telephone.

Before commencing the Rule 26(f) attorney conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference.  Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge.  Parties willing to consent should submit the appropriate form (Appendix "B" to the LOCAL RULES FOR THE EASTERN DISTRICT OF TEXAS) to the district clerk as soon as possible so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

Rule 26(f) requires attorneys of record and all unrepresented parties to attempt in good faith to agree on a proposed scheduling order and to file with the clerk no later than 14 days after the conference a joint report outlining their proposals.  The joint conference report must be filed no later than 7 days prior to the management conference.

The parties must include the following matters in the joint conference report:

(1)     a brief factual and legal synopsis of the case;

(2)     whether initial mandatory disclosure pursuant to FED. R. CIV. P. 26(a)(1) has been completed, and if not, when disclosure is anticipated;

(3)     procedures for the preservation of discoverable information, including electronically stored information;

(4)     procedures for the disclosure and discovery of electronically stored information, including the form(s) in which it should be produced;

(5)     issues relating to claims of privilege and protection, including any agreement as to inadvertent production;

(6)     suggested modifications of the scheduling order deadlines (the Court's proposed deadlines are attached hereto as Appendix A);

(7)     what changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories;

(8)     the identity of persons to be deposed;

(9)     whether any other orders should be entered by the Court pursuant to FED. R. CIV. P. 26(c), FED. R. CIV. P. 16(b) or FED. R. CIV. P. 16(c);

(10)    estimated trial time;

(11)    whether the case should be referred for mediation; and

(12)    the names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Failure to submit the joint conference report invites imposition of sanctions specifically authorized by FED. R. CIV. P. 16(f).

Discovery shall not commence until the parties have conferred under Rule 26(f).  *See* FED. R. CIV. P. 26(d).  After the Rule 26(f) attorney conference, the parties may be deposed.  Absent court order, no other depositions will be allowed prior to the management conference.  Following the management conference, the Court will enter a scheduling order establishing parameters of discovery and setting deadlines controlling disposition of the case.

Nongovernmental corporate parties are directed to review FEDERAL RULE 7.1, which requires the filing of a corporate disclosure statement contemporaneously with the initial appearance.

Attorneys and *pro se* litigants who appear in this Court must be vigilant in their efforts to comply with the deadlines set forth in the FEDERAL RULES OF CIVIL PROCEDURE, the LOCAL RULES FOR THE EASTERN DISTRICT OF TEXAS and this Court's scheduling order.

**SO ORDERED**.

**SIGNED** this the 2   day of **February, 2009.**


Thad Heartfield
United States District Judge

Appendix A
# PROPOSED SCHEDULING DEADLINES[1]

| | |
|---|---|
| February 6, 2009 | Rule 26(f) conference must occur by this date |
| February 20, 2009 | Joint attorney conference report due |
| February 27, 2009 | Management Conference |
| March 29, 2009 | Deadline to add parties<br>Deadline to file motions to dismiss<br>Deadline to file motions for leave to amend pleadings |
| May 28, 2009 | Deadline to file motions for summary judgement<br>Disclosure of plaintiff's expert testimony |
| June 27, 2009 | Disclosure of defendant's expert testimony |
| June 1, 2009 | Deadline to file motions and objections to experts |
| June 22, 2009 | Discovery deadline (excluding expert discovery) |
| July 6, 2009 | Notice of intent to offer certified records |
| July 13, 2009 | Plaintiff's portion of pre-trial order sent to defendant |
| July 20, 2009 | Joint final pre-trial order<br>Motions in limine due<br>Proposed jury instructions/form of verdict |
| July 27, 2009 | Response to motions in limine due<br>Objections to use of depositions, documents, exhibits,<br>    summaries of evidence and exhibits at trial |
| July 29, 2009 | Pre-marked exhibit list due |
| August 3, 2009 | Dates parties should be prepared to try case |

---

[1]   If a deadline falls on a Saturday, Sunday or federal holiday, the effective date is the first federal court business day following the deadline imposed.

**MANAGEMENT CONFERENCES - LUFKIN, TEXAS**
**U.S. District Judge Thad Heartfield, Presiding**
**Friday, February 27, 2009**
**10:00 a.m.**

---

9:08cv166          DANAE VESTAL, ET AL  V.  PHILLIPS & COHEN ASSOCIATES, LTD.

      P:   Dana Karni-Ilouz
      D:   Jeffrey L. Hoffman

---

9:08cv173          WARREN V.   INSTA-CASH ASSETS MGMT LP

      P:   Scott Skelton
      D:   Warren McCollum

---

9:08cv175          ANDREW BROUGHTON   V.  LIVINGSTON ISD, ET AL

      P:   Laurence Watts
      D:   Kelli Karczewski
          David Halpern
          Grace Weatherly

---

9:08cv199          LONNIE P. CHREENE, ET AL V.  CEDAR SPRINGS DRILLING LLC

      P:   Scott Skelton
      D:   Michael McCoy

---

9:08cv225          BAYOU BLEU FARM, L.P. ET AL V.  CHESAPEAKE EXPLORATION LLC

      P:   Shannon Dacus
          Deron Dacus
      D:   Jesse Pierce
          Collin Maloney
          Tamara Stiner

---

9:08cv228          BASS DRILLING, INC.   V.  SE ENERGY, LLC, ET AL

      P:   David Pybus
          Hilary Frisbie
          William Fitzgerald
      D:   William Shires

---

9:08cv234            HERMAN SNIDER   V.   NOMAC DRILLING LLC

      P:    Jason Itkin
            Michael Pierce
      D:    Jesse Pierce
            James Newton
            James Bailey